...

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. DIAZ,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>　　　　　　　Defendant. | 1:10cv034 DLB<br><br>ORDER REGARDING<br>PETITION FOR FEES<br><br>(Document 22) |

　　　This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on May 6, 2011, by Plaintiff Paul A. Diaz ("Plaintiff"). Defendant filed an opposition on June 6, 2011, arguing that the Government's position was substantially justified and that the fee requested is unreasonable.[1] Plaintiff filed a reply on July 7, 2011.

---

[1] Defendant also contends that the petition is premature, arguing that the petition should have been filed after the time for appealing the April 8, 2011, order, i.e., 60 days, expired. Though it does appear that the filing may have been early, Defendant has not appealed the remand order and the parties fully briefed the issues. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *Hoa Hong Van v. Barnhart*, 483 F.3d 600 (9th Cir. 2007). Accordingly, as the timeliness of an EAJA application is not jurisdictional, the Court will proceed to the merits. *Hoa Hong Van*, 483 F.3d 603, n. 2.

1

The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.[2]

## BACKGROUND

Plaintiff filed the instant Complaint challenging the denial of benefits on January 6, 2010.

On April 8, 2011, the Court issued an order remanding the action for further proceedings. The remand was based on the ALJ's failure to determine whether a conflict existed between the positions identified by the Vocational Expert ("VE") and the requirements of the Dictionary of Occupational Titles ("DOT"). The Court remanded the action with instructions to (1) ensure that the RFC and hypothetical question include the same limitations; and (2) determine whether a conflict exists and whether a reasonable basis exists for reconciling the conflict.

The Court entered judgment in Plaintiff's favor on April 8, 2011.

By this motion, Plaintiff seeks a total of $9,715.83 in attorneys' fees for 55.5 hours of attorney time and $305.41 in costs.

## DISCUSSION

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court has wide latitude in determining the number of hours reasonably expended. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

A.   Substantial Justification

To show substantial justification for conduct, the Commissioner has the burden of establishing that the conduct had a reasonable basis both in law and fact based on the record of

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge.

both the underlying government conduct at issue and the totality of circumstances present before and during litigation. *Hardisty v. Astrue*, 529 F.3d 1072 (9th Cir. 2010); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). The Commissioner is substantially justified if his position met "the traditional reasonableness standard-that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (internal citations omitted). The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially ... justified ... if it has a reasonable basis in law and fact." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)). The Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

In the underlying litigation, the Court based the remand on the ALJ's failure to determine whether a conflict existed between the VE's testimony and the descriptions contained in the DOT. Plaintiff argued that the three positions identified by the VE at step five exceeded his reaching abilities set forth in the hypothetical. The Court explained:

> Under these circumstances, the ALJ is required to determine whether a conflict exists and, if so, "whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *see also Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (stating that an ALJ may rely on expert testimony which contradicts the DOT "only insofar as the record contains persuasive evidence to support the deviation").
>
> Here, although the ALJ reminded the VE to explain how his answers diverge from the DOT prior to posing the hypothetical questions, he did not specifically ask whether any conflicts existed. Therefore, the record does not contain any explanation for the deviation in reaching requirements and the Court cannot determine whether the ALJ properly relied on the VE's testimony.
>
> Additionally, the reaching limitation in the hypothetical posed to the VE is not as restrictive as the limitation included in the RFC. The adopted hypothetical asked the VE to assume a person who could not reach above the shoulder with the left upper extremity. AR 60. The RFC, however, included a limitation to "no above the shoulder reaching." AR 15. Although this may have been an unintentional error, when combined with the unexplained conflict above, the Court cannot conclude that the step five finding was supported by substantial evidence or free of legal error.

In attempting to support the ALJ's position, the Commissioner argued that Plaintiff "manufactures conflicts between the DOT and the vocational expert's testimony." Opposition, at 15. The Commissioner cited the ALJ's request to the VE at the beginning of his testimony to

explain how he diverged from the DOT, and argued that since the VE did not identify any conflicts, it was not for Plaintiff's attorney "to act as a vocational expert and claim there were conflicts." Opposition, at 15.

Defendant's defense, then, is based upon his interpretation of the VE's silence. The Court finds that Defendant's argument, in light of the limitations and the jobs identified, did not have a reasonable basis in law or fact. The VE identified the positions of ampoule sealer, stuffer and loader of semi-conductor dies in response to a hypothetical that included a limitation to no above-shoulder reaching with the left upper extremity. These positions clearly involve constant use of the upper extremities, making it unreasonable for Defendant to rely on the VE's silence where there is a limitation in the use of the upper extremities. Defendant's position is even less reasonable given that the limitation in the hypothetical upon which the ALJ ultimately relied (no above-shoulder reaching with the left upper extremity) was *less* restrictive than the limitation in the ALJ's RFC finding (no overhead reaching).

Therefore, it was unreasonable for Defendant to argue that the VE's silence meant that there were no conflicts given the nature of the jobs identified and the reaching restrictions presented. Insofar as Defendant contends that Ninth Circuit case law made his defense reasonable, the cited case does not bolster his argument. Not only was *Wentz v. Comm'r Soc. Sec.,* 401 Fed.Appx. 189 (9th Cir. 2010) an unpublished opinion, it also dealt with an ALJ who specifically asked the VE if any conflicts existed and received a negative response. In that situation, where there was an actual inquiry and answer, the Ninth Circuit found that the ALJ satisfied his obligations under SSR 00-4p and *Massachi v. Astrue*, 486 F.3d 1149, 1152-1153 (9th Cir. 2007). Here, the ALJ only made a blanket statement at the outset of the VE's testimony and failed to specifically inquire as to whether the identified positions were consistent with the DOT.

Defendant's argument is also unreasonable in light of the actual language of SSR 00-4p, which states that the ALJ "has an affirmative responsibility to ask about any possible conflict" and will "[a]sk the VE or VS if the evidence he or she has provided conflicts with information

4

provided in the DOT." Indeed, the Ninth Circuit emphasized the ALJ's duty in *Massachi v. Astrue*, 486 F.3d 1149, 1152-1153 (9th Cir. 2007) (emphasis in original):

> SSR 00-4p unambiguously provides that "[w]hen a [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an *affirmative responsibility* to ask about any possible conflict between that [vocational expert] ... evidence and information provided in the [ Dictionary of Occupational Titles ]." SSR 00-4p further provides that the adjudicator " *will ask*" the vocational expert "if the evidence he or she has provided" is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict.

B.  <u>Reasonableness of Request</u>

Plaintiff requests a total of 55.5 hours for time spent in briefing this action, negotiating fees, and preparing the EAJA motion and reply. Defendant does not contest the rate of $175.06 per hour, though he contends that the time spent should be reduced by half. Plaintiff also requests a total of $305.41 in costs.

According to Plaintiff's counsel's record of time spent, counsel spent 9.25 hours reviewing the administrative record and preparing the settlement letter, and an additional 18.75 hours in preparation of the Opening Brief. Exhibit B, attached to Declaration of Barbara M. Rizzo. Excluding the table of contents, Plaintiff's Opening Brief was 25 pages and set forth four well-written arguments. Nonetheless, the issues were not overly complex and the record was not especially lengthy. Recognizing that the 9.25 hours spent in preparing the settlement letter likely framed the issues and allowed for some overlap in preparing the Opening Brief, the Court finds that the 18.75 hours should be reduced to 12 hours.

Ms. Rizzo also spent 11 hours researching and preparing the Reply Brief. Exhibit B, attached to Declaration of Barbara M. Rizzo. Plaintiff submitted a 13 page Reply Brief in response to Defendant's 16 page Opposition, portions of which were taken from the Opening Brief. The Court therefore finds that the 11 hours should be reduced by half, to 5.5 hours.

Similarly, Ms. Rizzo spent an additional 6.5 hours preparing the Reply in this EAJA fee briefing. Given that Defendant's arguments in opposition were not complex and only a portion of the Reply was actual argument, the Court finds that this should be reduced by 3.5 hours, for a total of 3.0 hours.

Defendant does not oppose the $222.91 in costs requested in the application. Plaintiff requests an additional $82.50 in costs for legal research performed in preparation of the reply, for a total of $305.41. The Court will allow this amount.

## AWARD

Plaintiff's motion is therefore GRANTED. Plaintiff is entitled to an award in the total amount of $6,958.64 (39.75 hours at $175.06 per hour), plus $305.41 in costs.

This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010

IT IS SO ORDERED.

**Dated:   August 2, 2011**                             **/s/ Dennis L. Beck**
                                                                     UNITED STATES MAGISTRATE JUDGE